**In re SOMERSET CAPITAL CORP., Debtor.**

**No. 00–45341 (JBR).**

United States Bankruptcy Court, D. Massachusetts.

July 31, 2001.

Daniel Briansky, Boston, MA, for Debtor.

Richard King, Worcester, MA, Office of the U.S. Trustee.

Jack R. Pirozzolo & Richard E. Bennett, Willcox, Pirozzolo & McCarthy, Boston, MA, for Zytest Corporation.

James Mitchell, Waltham, MA, Pro se.

### ORDER DISMISSING CASE

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter came before the Court for a Status Conference and hearing on the Motion of the United States Trustee to Dismiss the Case. After hearing the arguments of all parties present, reviewing all of the papers on file in this case, and taking judicial notice of the various other cases in this district involving either this Debtor or its principals,[1] the Court hereby

---

1. An involuntary Chapter 7 petition was filed as to Somerset Capital Corporation, case # 99–40955 (JFQ/JBR), on February 12, 1999. That case was closed on August 22, 2000, with no distribution available to creditors. The instant case is the subsequent voluntary attempt to reorganize whatever exists of the company under Chapter 11.

An involuntary Chapter 7 petition was filed as to the principals of Somerset Capital Corporation, James and Mary Mitchell, case # 94–18204 (JNF), and the Mitchells have subsequently made two voluntary, yet unsuccessful, attempts at Chapter 13, case # 00–15497 (JNF) and case # 00–17437 (JNF).

dismisses this case with a one year bar to re-filing absent the express leave of this Court. The Court finds that this case and its prosecution constitutes bad faith on the part of the Debtor and has resulted in undue delay to the creditors.

Section 105(a) of the Bankruptcy Code states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The Court finds that it is necessary to invoke § 105(a) in this case to prevent the Debtor from attempting to use the automatic stay to repeatedly delay and/or avoid payment to its creditors as more specifically stated below. *See In re Spear,* 203 B.R. 349, 353 (Bankr.D.Mass. 1996); *In re Mitchell,* 255 B.R. 345, 365 (Bankr.D.Mass.2000).

This voluntary Chapter 11 case was filed on October 5, 2000. Since the filing no confirmable plan of reorganization has been proposed. James Mitchell, one of the Debtor's principals, has informed the Court that no plan of reorganization will be filed which differs substantially from the efforts made at reorganization thus far. Furthermore, the Court finds credible, based upon all of the proceedings in this case to date, the assertion made by the Debtor's primary creditor, Xytest Corporation, that the Debtor has filed this case simply to delay the effect of a judgment, (hereinafter the "Judgment"), against the Debtor and in favor of Xytest Corporation. The Judgment was rendered in California on June 5, 1999 and is currently on appeal. The parties have all acknowledged that the outcome of that litigation will determine the respective rights of the parties primarily interested in the instant case. James Mitchell has acknowledged to this Court that the Debtor is not currently doing any business aside from pursuing the appeal of the Judgment. No creditor has proposed a plan. Moreover, the Court takes judicial notice of the filings of personal bankruptcy cases in this district by the principals of the Debtor. Such cases related to the Judgment and culminated in the following finding by Bankruptcy Judge Joan N. Feeney: "The Court finds that this conduct demonstrates the Debtors' profound disrespect for and disregard of the Bankruptcy Code and Bankruptcy Rules, reveals their intention to manipulate bankruptcy law for purposes other than repayment of debt, and supports the decision of this Court to deny the Debtors' Verified Motion to Vacate. Indeed, such conduct now warrants modification of the Court's order of September 19, 2000 to prohibit the Debtors from refiling under any Chapter of the Bankruptcy Code for a period longer than 180 days." *In re Mitchell,* 255 B.R. 345, 354 (Bankr. D.Mass.2000).

Finally, after hearing testimony in the instant case on March 22, 2001 this Court expressed the following concerns to the parties in attendance, including Mr. Mitchell:

"It's hereby ordered that the activity in this case is stayed until the conclusion of the California litigation concerning the appeal by the debtor of a decision in favor of Xytest Corporation, et al.

We will schedule a status conference—June or about four months. Fine. There will be a status conference on July 23rd at two p.m. on whether I should continue the suspension or whether I should dismiss the case. I'm also troubled by the testimony I heard

today. It's clear to me that Mr. Mitchell—that you prepared the legal documents for creditors in this case. You're not licensed to practice law here or anywhere else. You're not a graduate of law school, and under Massachusetts Law Chapter 221, Section 41, the unauthorized practice of law is prohibited in the Commonwealth. Insofar as admission to the bar of the Commonwealth is a prerequisite to admission before the federal courts of this or any other district of the United States, I find that your preparation of legal pleadings for others is unlawful, and I intend to refer your activities to the appropriate authorities.

But for the threat of another filing in another jurisdiction, I would be dismissing the case today on my own motion. I think the debtor, and particularly Mr. Mitchell, and perhaps his mother, although I'm not sure, has been manipulating and orchestrating this proceeding and manipulating and orchestrating creditors or alleged creditors. I don't— I'm not satisfied there's anything here to reorganize, but at this point in time, I will defer that to the dismissal hearing which will be the same time as the status conference." Tr., March 22, 2001, pg. 75–76.

For all of the foregoing reasons the Court hereby finds that the Debtor in this case has exhibited a pattern of abuse of the Bankruptcy Code and therefore dismisses the above captioned case pursuant to 11 U.S.C. § 109(g) which bars the Debtor from filing bankruptcy anywhere in the United States for a period of 180 days from today. In addition, pursuant to 11 U.S.C. § 105(a), as a result of the above described findings of bad faith and delay on the part of the Debtor, the Court hereby extends that bar for an additional 185 days, for a total of one year during which the Debtor may not be a bankruptcy debtor in any court of the United States without express leave of this Court. The Debtor and its principals are hereby advised that any attempt to disobey this Order will result in the imposition of sanctions as well as referrals to appropriate law enforcement authorities.

**IT IS SO ORDERED.**